# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAMION BRIDGEFORTH**                                                    **PETITIONER**

v.                   NO. 4:23-cv-00637-LPR-PSH

**DOE**                                                     **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Damion Bridgeforth ("Bridgeforth") began the case at bar by filing what the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the submission, addressed to United States District Judge Brian S. Miller, Bridgeforth represented the following:

> Mr. Miller I really hate to bother you as I do realize that you are very busy. I'm having trouble getting the credit that I'm grateful that you have given me on my sentence. I showed R & D the sentencing transcript but they said they only go by the commitment letter. I went to trial on 4-9-18 and was sentenced 6 months later due to errors on the P.S.I. and was grateful for you running it consecutive with my state charge which was the same offense. At the end of sentencing you did tell me to contact you if I did not get my credit which bring me to writing you in great hope. I placed with this letter my last computation sheet to show I have not received it. I do again thank you for the compassion showed and the time you take to look into this matter. [Sic].

See Docket Entry 1 at CM/ECF 1.

The undersigned reviewed Bridgeforth's submission as required by the rules governing habeas corpus cases in the United States District Courts. The submission was seriously flawed in a number of respects, three of which were noteworthy.

First, Bridgeforth failed to join his submission with the five dollar filing fee or, alternatively, file a motion for leave to proceed in forma pauperis. He is required to either pay the filing fee or obtain leave to proceed in forma pauperis before his submission can be served.

Second, Bridgeforth joined "Doe" as the respondent in this case, not Bridgeforth's custodial agent. It appears that Bridgeforth is incarcerated at FCI-McKean in Bradford, Pennsylvania. The undersigned does not know who the warden of that institution might be.

Third, Bridgeforth's submission appears to be nothing more than a letter to Judge Miller. It contains very few facts and contains Bridgeforth's plea for help from Judge Miller in obtaining credit on a sentence Judge Miller imposed in 2018 in the case of United States v. Bridgeforth, No. 4:16-cr-00245-BSM.

Given those flaws, and in attempt to move this case forward, the undersigned ordered, in part, the following:

1) Bridgeforth was given up to, and including, August 14, 2023, to either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis.[1]

---

[1] The Clerk of the Court was directed to send, and did in fact send, Bridgeforth the standard forms for filing a motion for leave to proceed in forma pauperis.

3

2) Bridgeforth was given up to, and including, August 14, 2023, to file an amended petition. In the amended petition, he was directed to state such matters as: the name of his custodial agent, the sentence Bridgeforth is attacking, and why he believes he is entitled to relief.[2]

3) Service of process was not ordered at that time.

4) Bridgeforth was cautioned that in the event he failed to comply with the foregoing terms by August 14, 2023, the undersigned would recommend that this case be dismissed without prejudice.

Bridgeforth was also notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he was directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[2] The Clerk of the Court was directed to send, and did in fact send, Bridgeforth the standard forms for filing a petition pursuant to 28 U.S.C. 2241.

August 14, 2023, has now come and gone, and Bridgeforth has neither paid the filing fee nor filed an application to proceed in forma pauperis. Moreover, he has failed to file an amended petition. Given his failures to do so, it is recommended that this case be dismissed without prejudice. Judgment should be entered for respondent.

DATED this 29th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE